# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| CELIA B. TOLENTO,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | 2:17-cv-01516-VCF<br><br>**ORDER**<br>MOTION FOR REVERSAL AND/OR REMAND [ECF NO. 19], CROSS MOTION FOR SUMMARY JUDGMENT TO AFFIRM [ECF NO. 20]. |

The Court inadvertently entered the Report and Recommendation (ECF No. 22) in this case. Accordingly, IT IS HEREBY ORDERED that the report and recommendation on the Motion for Reversal and/or Remand (ECF No. 19) and Cross Motion for Summary Judgment to Affirm (ECF No. 20) is stricken.

This matter involves Plaintiff Celia B. Tolento's appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Tolento's Motion for Reversal or Remand (ECF No. 19) and the Commissioner of Social Security's motion for summary judgment to affirm (ECF No. 20). For the reasons stated below the Court denies Tolento's motion to reverse or remand and grants the Commissioner's motion for summary judgment to affirm.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. §

405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla" of evidence. *Gutierrez v. Comm'r of Soc Sec.*, 740 F.3d 519, 522 (9th Cir. 2014); *Burch*, 400 F.3d at 679.

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

### I. Factual Background

The ALJ applied the five step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ found that while Tolento suffered from various physical impairments, she also maintained "the residual functional capacity to perform light work… and occasional overhead reaching with both arms." (AR 17).[1] The ALJ found that Tolento was therefore able to work as a receptionist, and thus denied her social security benefits. (AR 21). The ALJ based his determination upon the Dictionary of Occupational Titles ("DOT") 237.367-038, claimant's medical history, objective medical evidence, and the testimony of a vocation expert who testified that Tolento had the residual functioning capacity to work as a receptionist. (AR 17-21, 28-45).

---

[1] AR signifies a citation to the Administrative Record

Tolento claims that the ALJ made a legal error when he concluded that she had the residual function capacity to continue working as a receptionist. Specifically, Tolento argues that the DOT definition of "receptionist" requires frequent reaching without defining if that reaching includes overhead reaching. (ECF No. 19 at 7). Tolento argues that given the vagueness of this definition, the ALJ's finding that Tolento had the residual capacity to engage in work as a receptionist is in conflict with his finding that she had the residual capacity to engage in only occasional overhead reaching. (ECF No. 19 at 7).

## II.     Analysis of Potential Conflict

A Commissioner's decision will be upheld if it has any support in the record. *Bowling*, 36 F.3d at 434. While an ALJ may rely on the testimony of a vocation expert in reaching a decision, an ALJ must first inquire if the testimony conflicts with the DOT. *Silvera v. Astrue*, No. CV 09-1935 JC, 2010 WL 3001619, at *3 (C.D Cal July 29, 2010). The failure to do so, however, may be harmless error if no actual conflict exists. *Id*. For there to be a conflict between an expert's testimony and the DOT, the discrepancy must be "obvious or apparent." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). For a discrepancy to be obvious or apparent, the testimony "must be at odds with the *Dictionary's* listing of job requirements that are essential, integral, or expected." *Id.*

The ALJ's decision that Tolento had the residual functional capacity to work as a receptionist did not contradict his finding that she had the residual capacity to engage in only occasional overhead reaching, because his decision has sufficient support within the record. While Tolento argues that the DOT definition is too vague to support the ALJ's finding, the ALJ did not rely solely on the DOT definition in reaching his decision. He also consulted a vocation expert who testified that given Tolento's physical impairments, she could perform the work of a receptionist. (AR 40-43). Further, the ALJ met his affirmative responsibility to question the vocation expert about any potential conflict between his testimony and the DOT definition. After informing the vocation expert of Tolento's restriction on bilateral overhead reaching, the ALJ specifically asked the vocation expert if his testimony

was consistent with the definition found within the DOT. (AR 41-43). The expert answered in the affirmative. (AR 43).

There is no conflict between the vocation expert's testimony and the definition provided in DOT 237.367-038. Any discrepancy between the vocation expert's testimony and the DOT definition is not apparent or obvious. Therefore, no conflict between the two exists. Tolento is correct that the language in DOT 237.367-038 does not specify the direction of reaching required of a receptionist. However, this very omission demonstrates that frequent over-head bilateral reaching is not an essential, integral, or expected requirement of being a receptionist. See *Brister v. Colvin*, No. 3:12-CV-00726-JE, 2013 WL 2318842, at *11 (D. Ord. May 27, 2013) (where the Court held that a DOT definition that required frequent reaching did not indicate that the position required frequent overhead reaching). The DOT is silent as to whether receptionists must engage in more than occasional overhead reaching. The vocation expert testified that (1) someone with Tolento's specific physical impairments may work as a receptionist, and (2) that his testimony did not conflict with DOT 237.367-038. There is substantial evidence in the record to support the Commissioner's decision. (AR 17-21, 28-45).

ACCORDINGLY,

IT IS HEREBY ORDERED that Tolento's Motion for Reversal and/or Remand (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 20) is GRANTED.

DATED this 7th day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE